FILED ___ LODGED
___ RECEIVED ___ COPY
MAY 12 2016
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

WRITTEN RECORD OF PLEA AGREEMENT
UNITED STATES MAGISTRATE JUDGE DEBORAH M. FINE
FLAGSTAFF, ARIZONA

CASE NO.: 16-04087MJ-001-PCT-DMF

UNITED STATES OF AMERICA v. **LELAND JOE**

**VIOLATION(S) PLEADING GUILTY TO:**
**Count 3 of the Complaint,** Cruel Neglect to an Animal (Horse), in violation of 18 U.S.C. §§ 13, 1152, and Ariz. Rev. Stat. § 13-2910(A)(1), a Class B misdemeanor.
**Count 4 of the Complaint,** Failure to Provide Medical Attention to an Animal (Horse), in violation of 18 U.S.C. §§ 13, 1152, and Ariz. Rev. Stat. § 13-2910(A)(2), a Class B misdemeanor.

MAXIMUM FINE: $2,500.00 per count
MAXIMUM IMPRISONMENT: Six months per count
MAXIMUM PROBATION (18 U.S.C. § 3561): Five years
MANDATORY SPECIAL ASSESSMENT (18 U.S.C. § 3013): $10.00 per count

**RULE 11 (c) (1) (C), F.R. Crim. P., STIPULATED SENTENCE:**
**Count 3 of the Complaint:** The defendant shall be sentenced to a term of incarceration, in an amount of time to be determined by the Court, not to exceed 30 days (with credit for time served). Fine, in addition to the mandatory special assessment of $10.00, in the discretion of the Court but capped at $1,000.00.
**Count 4 of the Complaint:** The defendant shall be placed on three years of supervised probation. In addition to the terms set forth in General Order 12-13 and any terms the Court deems appropriate, the defendant: (1) shall not purchase, possess, or consume any alcoholic beverages during the term of his probation; (2) shall rectify any outstanding warrants from any state, tribal, and/or local courts to the extent applicable, including (but not limited to) submitting himself to the jurisdiction of said courts within any time frame established by this Court; (3) shall not purchase or possess any firearms, explosives, or ammunition during the term of his probation, to the extent he is not already a prohibited possessor; (4) shall not purchase, possess, be a caretaker of, and/or have in his custody or control of any horses, mules, burrows, and/or other pack animals during the term of his probation; and (5) shall properly feed, water, and care for (including providing medical or veterinary care) any animals in his possession, custody, and/or control. Fine, in

addition to the mandatory special assessment of $10.00, in the discretion of the Court but capped at $1,000.00.

FORFEITURE: The defendant hereby states and declares that he was/is the sole owner of the four horses (Brownie, Blue, Red, and Lit) that were located and seized at his residence during the search warrant that was executed at his residence/premises in Supai, Arizona on April 14, 2016. Those horses are currently being held in safekeeping by the Coconino County Humane Association in Flagstaff, Arizona. The defendant hereby forfeits, relinquishes, conveys, gives up, and/or quit claims all right, title, interest, and/or ownership of said horses to the Coconino County Humane Association. The defendant understands that these animals may be placed for immediate adoption and/or transferred to a rescue-partner. The defendant understands and agrees that the disposition of these animals shall be at the full discretion of the Coconino County Humane Association.

RESTITUTION: The defendant shall pay restitution to the Coconino County Humane Association – for a portion of the costs of care for the horses described above – in the amount $1,200.00. Restitution shall be paid through the Clerk of the Court and sent to the Coconino County Humane Association, 3501 East Butler Ave., Flagstaff, Arizona 86001.

DISPOSITION OF ADDITIONAL CHARGES: If the plea and stipulated sentence are accepted by the Court, the government agrees that it will: (1) not file any additional charges pertaining to the events set forth in the affidavit supporting the Complaint in Case No. 16-04087MJ-PCT-DMF; (2) not file any additional charges for any controlled substances (e.g., marijuana) that were located in the execution of a search warrant at the defendant's residence in Supai, Arizona on April 14, 2016; and (3) dismiss Counts 1 and 2 of the Complaint in Case No. 16-04087MJ-PCT-DMF with prejudice.

     I, **Leland Joe**, understand that the above sentencing provision is binding upon the Court if the Court accepts my guilty plea under this plea agreement.

     By pleading guilty, I will be giving up my rights: to plead not guilty; to confront, cross-examine and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination – all with the assistance of counsel – and to be presumed innocent until proven guilty beyond a reasonable doubt. I understand that pleading guilty may have consequences with respect to

immigration status to the extent that I am a recently naturalized United States citizen or not a citizen of the United States.

I waive my right to trial, agree to enter my plea before and to be sentenced by a U.S. Magistrate Judge, and waive any right to appeal or otherwise challenge my conviction. In particular, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment, the complaint, the information, or the citation; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including (but not limited to) any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under Title 18, U.S.C., § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel (if applicable) or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

The nature of the charge(s) and the possible penalties have been explained to me, and I agree there is a factual basis for each charge to which I am pleading guilty. I understand and agree that the Court may later modify the terms and conditions of any probation or supervised release ordered as part of my sentence. I understand and agree that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines (to the extent applicable), the factors set forth in 18 U.S.C. § 3553, and any stipulations set forth in this plea agreement. I further understand and agree that (to the extent applicable) any recommended Sentencing Guidelines Calculations are not binding on the Court.

My guilty plea is not the result of force, threats, or promises other than any promises contained in this written agreement.

////////

      I am not under the influence of alcohol or drugs, and I am fully capable of understanding this agreement.  I enter into this agreement knowingly and voluntarily.

_____  
Leland Joe  
Defendant

Date: May 12, 2016

_____  
Richard Juarez, AFPD  
Attorney for the Defendant

Date: 5/12/16

_____  
Paul V. Stearns  
Assistant United States Attorney

Date: 5-12-16

_____  
DEBORAH M. FINE  
U.S. MAGISTRATE JUDGE

Date: 5/12/2016

✓ ACCEPTED    ____ REJECTED

## STATEMENT AND FACTUAL BASIS BY LELAND JOE

I, **Leland Joe**, admit that the following facts are true and correct to the best of my knowledge and belief:

On April 14, 2016, I was arrested in the village of Supai, Arizona – which is on the Havasupai Indian Reservation in the District of Arizona – for (among other charges) cruel neglect and failure to provide medical attention for a horse owned by me. That horse's name is Brownie, and he is a male gelding (i.e., castrated). I admit that I was the sole owner of Brownie at the time of my arrest, and I owned that horse for approximately one year prior to my arrest. I admit that it was my responsibility to care for Brownie, including providing him with adequate food, water, and medical care. I admit that Brownie was in my custody and control at the time of my arrest and well before that time.

I admit that I did not feed Brownie an adequate amount of food over about the last year. I understand and agree that at the time of my arrest Brownie was approximately 500 pounds underweight. I admit that Brownie was suffering from malnutrition at the time of my arrest (as well as before my arrest). I admit that at the time of my arrest I had no food (e.g., hay, alfalfa, grain, and/or feed pellets) on the premises where I lived and kept Brownie, and I admit that there was essentially no food (e.g., grass, hay, or feed pellets) in the pasture/corral area where Brownie was kept.

I further admit that Brownie had significant saddle sores along his spine and hip points. I admit that he had had those open sores for several months (or longer) prior to my arrest. I understand and agree that Brownie had an eye condition and multiple infections at the time of my arrest. His hooves also needed to be trimmed at the time of my arrest. I admit that I did not provide proper and/or adequate medical and/or veterinary care to Brownie prior to my arrest.

I admit that I am Native American, and that I am an enrolled member of the Havasupai Indian Tribe. I admit that at the time of my arrest (and currently), I had not (and have not) been prosecuted and/or punished by the Havasupai Indian Tribe (or any other Indian Tribe) for my actions and/or inactions described above pertaining to Brownie.

1

I hereby plead guilty to Count 3 of the Complaint in Case No. 16-04087MJ-PCT-DMF for cruel neglect to Brownie. I further plead guilty to Count 4 of the Complaint in Case No. 16-04087MJ-PCT-DMF for failure to provide medical attention necessary to prevent protracted suffering to Brownie. I admit my actions and/or inactions were knowing and reckless, and that my actions and/or inactions caused Brownie to suffer. I admit what I did was wrong, and I take full responsibility for my actions.

I admit that the foregoing facts are true and correct to the best of my knowledge and belief. I make this statement under oath and with the assistance of counsel. I understand and agree that this statement can and may be used against me in a court of law. I have discussed the case and my constitutional rights with my attorney. I understand that by making this statement I will be giving up my rights to: (a) remain silent; and (b) assert my privilege against self-incrimination.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this statement. I have carefully reviewed every part of this statement with my attorney. I understand it, and I voluntarily agree and enter into it.

**Pursuant to 28 U.S.C. § 1746(2), I declare that the foregoing is true and correct to best of my knowledge.**

_Leland Joe_
Leland Joe
Defendant

_5/12/16_
Date

2